U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 31 2011

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIBER AVIATION, S.r.l., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| TEXTRON FINANCIAL CORPORATION, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC., UNITED ROTOCRAFT SOLUTIONS, | § | |
| L.L.C., HELICOPTEROS Y VEHICULOS | § | |
| AEREAS NACIONALES, S.A. de C.V., | § | NO. 4:09-CV-471-A |
| AND UNITED STATES OF AMERICA, | § | (Consolidated with |
| DEPARTMENT OF COMMERCE, | § | No. 4:10-CV-232-A) |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| THE BELL 412EP HELICOPTER | § | |
| BEARING SERIAL NUMBER 36252 | § | |
| AND TAIL NUMBER XA-HVN, | § | |
| | § | |
| Third-Party Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Now before the court is the motion for summary judgment or for judgment on the pleadings filed in the above action by defendant United Rotocraft Solutions, LLC. ("United Rotocraft"). Plaintiff, Tiber Aviation, S.r.l., filed its response, and United Rotocraft filed a reply. Having considered all of the parties' filings, the summary judgment record, and applicable legal

authorities, the court concludes that the motion for summary judgment should be granted.[1]

I.

Nature of the Action

The central issue in this action is, who has the legal right to possess a Bell helicopter with serial number 36252 ("Bell 36252")? Believing that question should be answered in its favor, plaintiff has asserted claims and causes of action against defendants, Textron Financial Corporation ("Textron"), Bell Helicopter Textron, Inc. ("Bell"), Helicopteros Y Vehiculos Aereas Nacionales, S.A. de C.V. ("Helivan"), United Rotorcraft, and United States of America, Department of Commerce, for each of their roles in allegedly depriving plaintiff of its rightful ownership of the Bell 36252. As concerns the instant motion for summary judgment, plaintiff has asserted claims and causes of action against United Rotorcraft for negligence--bailment and breach of contract.

---

[1] The motion contains the following footnote:

> While the Motion for Summary Judgment is directed toward all three grounds of this collective motion, the Fed. R. Civ. Proc. 12(c) motion is directed only toward ground one entitled, "Plaintiff's State Law Claims Preempted by Article VI, Clause 2 of the Constitution of the United States ('Supremacy Clause') and its sub-parts.

Mot. at 1-2 n.1. As the court concludes that summary judgment is appropriate on the basis of the Supremacy Clause, it need not consider the applicability of United Rotorcraft's motion pursuant to Rule 12(c).

II.

## The Motion for Summary Judgment

United Rotorcraft seeks summary judgment on the following grounds: plaintiff's claims are preempted by Article VI, Clause 2 of the United States Constitution ("Supremacy Clause"), as well as by the doctrines of conflict preemption and field preemption; United Rotorcraft is entitled to a good-faith defense as a matter of law; and plaintiff lacks standing to sue, as its interests in the Bell 36252 were divested before the date United States detained the Bell 36252.

III.

## Undisputed Facts

Plaintiff is an Italian limited liability company organized under the laws of Italy, with its principal place of business in Rome, Italy. Plaintiff arranged to purchase from Helivan, a Mexican company with its principal place of business in Mexico, three Bell helicopters; the particular helicopter at issue in this action is the Bell 36252. The Bell 36252 was in the possession of Helivan in Mexico pursuant to an Aircraft Finance Lease Agreement between Textron and Helivan. Plaintiff intended to have the Bell 36252 flown to the United States, disassembled, and shipped to Italy.

Following plaintiff's purchase of the Bell 36252, plaintiff's representative, Antonio Giommarini ("Giommarini"), flew the Bell 36252 to United Rotorcraft's facility in Texas for disassembly. While the Bell 36252 was in United Rotorcraft's possession, United States Department of Commerce Special Agents Troy Shaffer ("Shaffer") and David Poole ("Poole") obtained information that caused them to believe plaintiff ultimately intended to ship the Bell 36252 to Iran.[2] Agents of the Department of Homeland Security, Department of Immigration and Customs Enforcement, and Department of Commerce began an investigation into the intended destination of the Bell 36252.

Poole and Shaffer made contact with David Brigham ("Brigham"), United Rotorcraft's president, regarding their suspicions as to the Bell 36252. Shaffer instructed Brigham to ensure the Bell 36252 did not leave United Rotorcraft's facility. Consistent with that instruction, Brigham disabled the Bell 36252 by removing the battery and circuit breakers.

Pursuant to further instructions by Shaffer, Brigham engaged in various tactics to stall Giommarini from leaving the country. Shaffer also asked Brigham to arrange a meeting between

---

[2] Plaintiff disputes that it intended to ship the Bell 36252 to Iran. However, this belief was the basis of the government's investigation into the Bell 36252.

Giommarini and the government agents, who were to pose as potential shippers of the Bell 36252, and Brigham did as requested. Giommarini left the country after the meeting with the agents. Shortly thereafter, Shaffer verbally instructed Brigham to release the Bell 36252 to Bell; however, upon Brigham's request for written instruction to that effect, Shaffer sent Brigham an email on October 9, 2008, that stated:

> Dave, as per our conversation today, Textron is authorized to take possession of their 412 helicopter and fly their helicopter to their facility.

United Rotorcraft First Am. App. to Reply Br. and First Supplemental App. to Mot. for Summ. J. and Rule 12(c) Mot. for J. on the Pleadings at 135.

On October 10, 2008, Shaffer, other agents, and pilots from Bell/Textron[3] arrived at United Rotorcraft and, at Shaffer's instruction, Brigham relinquished possession of the Bell 36252. Shaffer and the pilots flew the Bell 36252 to Bell's secured facility.

---

[3] Brigham's deposition testimony and affidavit are unclear if the pilots were Bell or Textron employees.

5

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" in response to a motion for summary judgment. <u>Ramsey v. Henderson</u>, 286 F.3d 264, 269 (5th Cir. 2002) (internal quotation marks omitted).

V.

Analysis

United Rotorcraft's first ground for summary judgment is premised on the Supremacy Clause, which provides in pertinent part:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2.

In arguing for preemption under the Supremacy Clause, United Rotorcraft turns to the statutes relied upon by United States in initiating its forfeiture action against the Bell 36252.

Specifically, the USA PATRIOT Improvement and Reauthorization Act of 2005[4] added section (d) to 19 U.S.C. § 1595a of the Tariff Act of 1930. In turn, 19 U.S.C. § 1595a(d) provides, in pertinent part, that

> [m]erchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

19 U.S.C. § 1595a(d). In addition, the export of weapons and related military technology are strictly controlled by the Department of State, and the export of such items without an export license from that agency is a violation of federal law. 22 U.S.C. § 2778(c).

The Department of Commerce similarly promulgates the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774, pertaining to the control of "certain exports, reexports, and activities," 15 C.F.R. § 730.1, including items designated as

---

[4] Following the terrorist attacks in 2001, Congress passed the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001--the USA PATRIOT Act--intended to "deter and punish terrorist acts in the United States and around the world, to enhance law enforcement investigatory tools, and for other purposes." Pub. L. No. 107-56, introduction. The USA PATRIOT Act was amended by the USA PATRIOT Improvement and Reauthorization Act of 2005.

8

"dual use" that generally can be used "both in military and other strategic uses (e.g., nuclear) and commercial applications," id. at § 730.3.  With certain exceptions, the EAR prohibits exporting, or causing the export, from the United States of dual-use-designated civil aircraft to the country of Iran without the appropriate export license.  A violation of the license requirement is a violation of the International Emergency Economic Powers Act, 50 U.S.C. § 1705.  Additionally, the Iranian Transaction Regulations, 31 C.F.R. Part 560, prohibit export of goods to Iran unless authorized by the Department of Treasury.

Agents from the Department of Commerce and Department of Homeland Security began their investigation into matters concerning the Bell 36252 because of information they learned causing them to believe violations of the aforementioned statutes and regulations had, or were about to, occur.  The government's investigation into, and detention of, the Bell 36252 form the basis of United Rotorcraft's argument that the Supremacy Clause preempts plaintiff's state law claims against it.

Although generally declining to find federal preemption of state laws, the Supreme Court has found in areas "involving unique[] federal interests . . . so committed by the Constitution

9

and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law. . . ." Boyle v. United Tech. Corp., 487 U.S. 500, 504 (1988). State law may thus be preempted in those situations where "(1) there is a uniquely federal interest and (2) there is a significant conflict between federal policy and the operation of state law." Brown v. Nationsbank Corp., 188 F.3d 579, 589 (5th Cir. 1999) (citing Boyle, 487 U.S. at 504-505, 507).

Because United Rotorcraft argues that application of Brown to this case requires dismissal of plaintiff's state law claims against it, a brief overview of that case is pertinent here. In Brown, the three individual appellants owned and operated two businesses that provided high-tech engineering and management services to private industries and government entities, including the National Aeronautic and Space Administration ("NASA"). Id. at 583. In 1991, as part of a sting operation seeking to uncover fraud and other illegal activity in the aerospace industry, agents of the Federal Bureau of Investigation approached appellants, posing as investors who sought to gain contracts with NASA and its contractors and seeking appellants' assistance to that effect. Id. During the course of the undercover operation, the government engaged the services of several private companies,

including Nationsbank, Dun & Bradstreet, and others. Id. at 583-85. The operation, abandoned in 1994, ultimately resulted in the indictment and trial of appellant Brown on one count of offering a $500 bribe to a public official. Id. at 584-85. After a mistrial, the government dismissed the indictment. Id. at 585.

Appellants brought claims against United States, the individual agents, and the private entities who assisted the FBI during the operation. Id. at 585. The private defendants argued that the Supremacy Clause preempted plaintiffs' state law claims because they were acting at the direction of the federal government. Id. at 588-89. The Fifth Circuit considered the two-part test for state law preemption articulated in Boyle and concluded that "liability of private defendants for actions taken at the direction of agents acting within their authority is a unique federal interest." Id. at 589. Having found a unique federal interest, the court then considered the second question: whether federal policy conflicted with the operation of state law.

In answering that question in the affirmative and dismissing all of the state law claims against the private defendants, the

court explained:

> If the private defendants acted in good faith by reasonably relying upon the authority of government agents, their actions are shielded from state law action. In this case, the private defendants, in good faith, supported the FBI's undercover operation with credibility and legitimacy. There has been no suggestion that the private defendants acted maliciously or attempted to derive personal gain from assisting in the operation. Moreover, the private defendants' actions, consistent with the apparent authority granted by the government agents, were objectively reasonable. Under the veil of apparent authority, the private defendants had no reason to believe that their actions were illegal or would cause injury to the Appellants. Thus, Appellants' state law claims against the private defendants are barred by the supremacy clause.

Id. at 589.

United Rotorcraft argues that application of the principles articulated in Brown mandate the same result here: dismissal of plaintiff's state law claims against it because it acted in good faith, in reasonable reliance on the authority of the government agents.

In support of this proposition, United Rotorcraft offers the affidavit and deposition testimony of Brigham, its president, as to the following actions that he took at the direction of government agents: Brigham ensured the Bell 36252 could not be moved from United Rotorcraft's facility; Brigham attempted to stall Giommarini from leaving the country; and Brigham arranged a

meeting with Giommarini and the Department of Commerce agents posing as shippers. Also at Shaffer's direction, on or about October 10, 2008, Brigham released the Bell 36252, and Shaffer, along with the Bell pilots, flew the Bell 36252 to Bell's secured facility for safekeeping. In his actions concerning the Bell 36252, including the specific act complained of by plaintiff-- that United Rotorcraft permitted Bell, Textron, and the government to take possession of the Bell 36252--Brigham testified, without contradiction, that he took such action at the express instruction of Shaffer, a government agent.

The court agrees with the argument of United Rotorcraft that under Brown, plaintiff's state law claims against United Rotorcraft are preempted by the Supremacy Clause of the United States Constitution. The same "unique federal interest" present in Brown is at issue here: "[t]he liability of private defendants for actions taken at the direction of agents acting within their authority." 188 F.3d at 589. Plaintiff does not, and cannot, argue that United States or her agents were not engaged in a federal operation, or that United States or her agents had no authority to pursue enforcement of the relevant EARs or the pertinent amendments to the USA PATRIOT Act, 19

13

U.S.C. §1595a(d). Nor does plaintiff dispute that Brigham released the Bell 36252 at the instruction of Shaffer.[5]

Plaintiff attempts to distinguish <u>Brown</u> by arguing that United Rotorcraft cannot invoke the government contractor defense discussed in <u>Boyle</u>, and the cases cited by plaintiff in support all involve refusals by courts to extend that defense to civilian companies. While this appears to accurately reflect the holdings of the cases cited by plaintiff, plaintiff misses the point: the private defendants in <u>Brown</u> did not argue for application of the government contractor defense, and such was not the basis of the court's holding. Rather, the Fifth Circuit's concern as to the private defendants is more accurately reflected in the following observations:

> Private businesses and individuals provide invaluable assistance as informants who provide evidence against law violators or, as in this instance, lend credibility to FBI undercover operations. If private businesses were not eligible for immunity from state law claims arising from assisting undercover federal operations, this would provide a major disincentive to assisting law enforcement and would undermine the needs and interests of the federal government.

<u>Brown</u>, 188 F.3d at 589.

---

[5] Plaintiff argues that the instruction was legally insufficient to authorize such release

In reaching its conclusion, the court discussed <u>Hunter v. Wood</u>, 209 U.S. 205 (1908), wherein the Supreme Court "precluded a state law prosecution of a railroad clerk who sold tickets pursuant to" a federal court order, <u>id.</u>, and <u>Fowler v. Southern Bell Telephone & Telegraph Co.</u>, 343 F.2d 150 (5th Cir. 1965), where the Fifth Circuit had previously suggested that federal immunity could extend to preclude private action against a telephone company that assisted federal agents with wiretapping. Neither of these cases involved the government contractor defense.

The court also finds unavailing plaintiff's argument that <u>Brown</u> is inapposite because United Rotorcraft failed to establish that it was integral to the government's investigation. Nothing in the Fifth Circuit's analysis required that a private defendant maintain a certain level of involvement or participation in a government operation to be protected under the Supremacy Clause. Rather, the court considered whether the private defendants acted "in good faith by reasonably relying upon the authority of government agents." 188 F.3d at 589. Nothing in the summary judgment record shows that Brigham acted otherwise. Nor is there summary judgment evidence showing that Brigham acted maliciously, or in an attempt to derive personal gain.

The court finds that in the circumstances, Brigham, on behalf of United Rotorcraft, acted as any citizen likely would under similar circumstances: by performing his patriotic duty to assist the government in preventing violations of federal law. As in Brown, under the facts presented, United Rotorcraft "had no reason to believe that [its] actions were illegal or would cause injury to" plaintiff. Id.

Because the court finds dispositive United Rotorcraft's argument concerning preemption by the Supremacy Clause, it need not reach the other grounds raised in the motion for summary judgment.

VI.

Order

Therefore,

The court ORDERS that United Rotorcraft's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Tiber Aviation, S.r.l., against United Rotorcraft, be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay

in, and hereby directs, entry of final judgment as to such dismissal.

    SIGNED January 31, 2011.

_____
JOHN McBRYDE
United States District Judge